| | |
|---|---|
| DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP<br>Attorneys for the Debtor<br>One North Lexington Avenue<br>White Plains, New York 10601<br>(914) 681-0200<br>Dawn Kirby, Esq. | **Hearing Date: November 17, 2015**<br>**Hearing Time: 10:00 a.m.** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

                                               Chapter 11

FONTAINE PARTNERS LLC,            Case No. 15-10999 (shl)

                               Debtor.
------------------------------------------------------X

## DEBTOR'S MOTION FOR AN ORDER
## DISMISSING THE CHAPTER 11 CASE

**TO:   THE HONORABLE SEAN H. LANE:**
       **UNITED STATES BANKRUPTCY JUDGE:**

1.      The above-captioned debtor and debtor-in-possession, Fontaine Partners LLC (the "Debtor"), by its attorneys DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, as and for its application for an Order, pursuant to Section s 105, and 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code"), dismissing the Debtor's Chapter 11 proceeding, respectfully represents as follows:

### BACKROUND

1.      On April 20, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its assets and management of its affairs as a Debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No examiner,

trustee or official creditors' committee has been appointed in the Chapter 11 case.

2. The immediate cause of the chapter 11 filing was a pending civil law suit commenced by certain investors in three of the Debtor's subsidiaries, *Christopher J. Lacroix and Kathleen M. Lacroix, tenants in common, individually and derivatively on behalf of Fontaine Smart Energy Partners I LLC, Bruce J. Stone, individually and derivatively on behalf of Fontaine Smart Energy Partners I LLC, Trinity Investment Holdings, LLC, individually and derivatively on behalf of Fontaine Smart Energy Partners I LLC and Fontaine Smart Energy Partners II LLC, Wilson H. Madden, Jr. 2009 Revocable Trust, dated May 8, 2009, individually and derivatively on behalf of Fontaine Smart Energy Partners II LLC, and Trophy Hunter Investments, Ltd., individually and derivatively on behalf of Fontaine Smart Energy Partners III LLC,* ("Plaintiffs") *v. Nicole E. Faucher* ("Faucher")*, Fontaine Capital LLC* ("Capital")*, Fontaine Managers LLC,* ("Managers")*, Fontaine Partners LLC* (the "Debtor") *, Fontaine Smart Energy Partners I LLC* ("FSEP I")*, Fontaine Smart Energy Partners II LLC* ("FSEP II")*, and Fontaine Smart Energy Partners III LLC* ("FSEP III"), Supreme Court, New York County, Index Number 653362/2014 (the "Civil Action").

3. During the course of the chapter 11 case, the Civil Action was removed by the Debtor to the Southern District of New York, 15-CV-2664, and then referred to the Bankruptcy Court, Adv. Pro. No. 15-1113.

4. The Plaintiffs filed a motion requesting the Bankruptcy Court abstain from asserting jurisdiction and remand the Civil Action to state court. In connection with their motion, the Plaintiffs agreed to discontinue their claims against the Debtor without prejudice. The Bankruptcy Court granted the motion, and the case was remanded back to

the New York State Court pursuant to an order dated July 10, 2015, directing the Plaintiffs upon remand to file a stipulation of discontinuance with respect to any claims against the Debtor.

5.      A lengthy mediation session was held on August 31, 2015, with Counsel for the Plaintiffs, Counsel for the Debtor, and Ms. Faucher all in attendance. The Honorable Sean H. Lane oversaw the process and was the mediator.

6.      After the conclusion of mediation, the parties did not have a final agreement, but they did continue to discuss and attempt to reach a settlement.

7.      The parties now believe they have substantially agreed on terms of settlement. A settlement agreement has not been executed by the parties as of the writing of this Motion, but the Debtor anticipates that a final settlement will be executed before the hearing date of this Motion.

8.      In summary, the Plaintiffs have agreed to pay a sum to FSEP I, FSEP II and FSEP III to be paid to their legitimate creditors, which are Markum LLP, Gen II Fund Services, and Managers. FSEP I, FSEP II and FSEP III will cause each of the Plaintiffs to receive his or her proportionate share of Intelligent Energy stock that is held by each of the special purpose entities.

9.      Unfortunately, this will not result in funds for creditors of the Debtor. In light of the resolution of the Civil Action, the futility in reorganizing the Debtor, and the complete lack of assets to fund any other payments, the Debtor seeks to stop incurring administrative expenses by dismissal of its chapter 11 case.

## BASIS FOR RELIEF SOUGHT

10.     The Court is granted the authority to dismiss a Chapter 11 proceeding in Section

1112(b)(1) of the Bankruptcy Code which provides that the Court may dismiss a Chapter 11 case provided that the movant establishes cause.

11. The Debtor asserts that cause exists and dismissal is appropriate because the Debtor is no longer operating, does not have any avoidance action or other claims, and there is no estate for a Chapter 7 Trustee to administer.

12. In light of the foregoing, no proceeds remain to fund a plan of reorganization or even a de minimus distribution.

13. The Debtor submits that a dismissal is in the best interests of the creditors in that if this proceeding remains in a Chapter 11, the only result will be increased administrative expenses and continuing attorney fee costs for the creditors to monitor the case.

## CONCLUSION

14. Based upon the foregoing, the Debtor respectfully submits that dismissal is both appropriate and warranted under Sections 105, and 1112(b) of the Bankruptcy Code.

15. No prior application for the relief requested herein has been made.

**WHEREFORE,** the Debtor requests that the Court enter an Order dismissing the Debtor's Chapter 11 proceeding, together with such other and further relief as is just and proper.

Dated: White Plains, New York
October 26, 2015

          DELBELLO DONNELLAN WEINGARTEN
          WISE & WIEDERKEHR, LLP
          Attorneys for the Debtor

           */s/ Dawn Kirby*
      BY:_____
          Dawn Kirby
          One North Lexington Avenue
          White Plains, New York 10601
          (914) 681-0200